IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL A. BURGOS TORRES<br><br>    Plaintiff,<br><br>    v.<br><br>CONSOLIDATED WASTE SERVICES CORP.,<br>    *et al.*<br><br>    Defendants. | CIVIL NO.: 14-1524 (MEL) |

**OPINION AND ORDER**

**I.   BACKGROUND**

On July 1, 2014, Miguel Burgos Torres ("plaintiff") filed a complaint against corporate defendants Consolidated Waste Services, Corp. ("CW"), PR Waste Management Group, Corp. ("PRWMG"), and Landfill Technologies, Corp. ("LT") (collectively "corporate defendants") and against individual defendants Carlos Contreras Moreno ("Carlos Contreras") and Rey Contreras Moreno ("Rey Contreras") (collectively "individual defendants"). ECF No. 1. Plaintiff alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 601 et sec., Puerto Rico's Law No. 100 of June 30, 1959, P.R. Stat. Tit. 29 § 146 et seq., and Puerto Rico's Law No. 115 of December 15, 1991, P.R. Stat. Tit. 29 § 194 et seq, and unjust dismissal under Law No. 80 of May 30, 1976, P.R. Stat. Tit. 29 § 185a et seq. ECF No. 1. One of the issues at the current stage is the business relationship, if any, between the corporate defendants and the extent to which each employed plaintiff for the purposes of the allegedly discriminatory actions.

On June 22, 2015, plaintiff filed a motion to compel responses to plaintiff's written discovery ("First Motion"), (ECF No. 48), to which defendants responded on July 7, 2015 ("First Response"), (ECF No. 55). During a status conference held on July 10, 2015, the court set specific deadlines in response to the First Motion, which will be discussed in greater detail below, but held in abeyance the scheduling of the deadline to close the discovery phase of the case, the pretrial conference, and the trial date.

In addition to the First Motion, currently pending before this court are various additional motions related to discovery disputes. Defendants have submitted two motions in compliance with the order set at the status conference. ECF Nos. 57; 58. On August 4, 2015, plaintiff filed a motion to deem admitted plaintiff's requests for admission and for entry of default and to strike answers to complaint ("Second Motion"), (ECF No. 59), defendants responded on August 7, 2015, ("Second Response"), (ECF No. 61), and plaintiff filed a motion for leave to file a reply on August 13, 2015 (ECF No. 62). Without any additional factual developments, on September 25, 2015 plaintiff filed a motion reiterating the request to compel discovery and for adjudication of the pending First Motion and Second Motion ("Third Motion"). ECF No. 64. When defendants did not respond to the Third Motion, plaintiff filed yet another motion on October 13, 2015, this time requesting that Third Motion be considered unopposed and for the entry of default judgment, to deem admitted the requests for admission and to strike answers to the complaint as requested in the Second Motion. ECF No. 65. Defendants responded the same day. ECF No. 66.

## II.   DISCOVERY DISPUTES

For clarity of the issues and to avoid further discovery disputes, each specific method of discovery request will be addressed separately.

      **a. <u>Interrogatories</u>**

           i. <u>Reservation of Right to Change or Supplement</u>

In the First Motion, plaintiff objects to a sentence that occurs in every interrogatory, which states, "These responses are based on and limited to the documents and records presently recollected in the course of preparation of these documents. Defendant reserves its right to change or supplement said responses." ECF Nos. 48-29, 2–3; 48-16, 12; 48-18, 3; 48-21, 3; 48-24, 26; 48-27, 12.[1] In the First Response, defendants agreed to "supplement answers as to: (1) that Defendants reserved their right to change the answers." ECF No. 55, 2. At the status conference, the court ordered defendants to resubmit answers without this reservation, stating, "Both parties are to be aware that changes and alterations to answers are permitted only when the newly discovered or obtained information was not reasonably available to them at the time it was initially requested." ECF No. 56. In their second motion in compliance, defendants stated that they sent plaintiff supplemented answers to the discovery submitted to CW, LT, and PRWMG in compliance with the status conference order. ECF No. 58. Defendants Carlos Contreras and Rey Contreras submitted "draft" answers as they were out of the jurisdiction. <u>Id.</u> In the Second Motion, plaintiff acknowledges that "defendants complied with the court's mandate to delete from the certification the portion in which they reserved the 'right to change' their answers . . . ." ECF No. 59, 4. Thus, in ruling on the First Motion, as to the corporate defendants, the reservation of rights issue is moot. As to the individual defendants, if the answers provided to plaintiff are still "draft" answers, defendants shall provide complete, finalized answers by December

---

[1] The bulk of plaintiff's allegations and arguments are made in an exhibit (ECF No. 48-29) attached to the First Motion and incorporated by reference. ECF No. 48, 4.

4, 2015. No additional extensions will be granted. If the individual defendants have already provided such answers to plaintiff, this issue is moot.

### ii. Reliance on Unidentified Sources

Plaintiff next objects in the First Motion to the failure of defendants to answer the first interrogatory directing the person answering the interrogatories to "identify the sources of your information." ECF Nos. 48-3, interrog. 1; 48-6, interrog. 1; 48-9, interrog. 1; 48-12, interrog. 1; 48-14, interrog. 1; 48-29, 3. Rather, defendants' answers all state in a concluding paragraph: "Not every single matter stated in the responses to the interrogatories are within my personal knowledge; however, I am informed and believe that the matters stated therein are true. The responses were prepared with the assistance of and advice I have relied on." ECF Nos. 48-16, 11; 48-18, 3; 48-21, 3; 48-24, 26; 48-27, 11. In the First Response, defendants state that they will "supplement answers as to . . . who gave the persons responding to the interrogatories the information in order for them to answer." ECF No. 55, 2. However, plaintiff renews his objection in the Second Motion, alleging that even though defendants submitted amended interrogatory answers, all still contain the limiting language regarding the source of information. ECF No. 59, 4. Defendants do not respond to this issue in their Second Response. ECF No. 61. As defendants have already agreed to provide this information in their First Response and in the Second Response do not raise any objection, by December 4, 2015 defendants shall inform who provided the basis of knowledge for the answers to interrogatories and shall so certify under penalty of perjury.

### iii. Failure to Sign Objections

Plaintiff's First Motion also raises the issue that, despite the fact that defense counsel made objections, defense counsel did not sign any of the interrogatories. ECF No. 48-29, 4.

4

Rule 33 requires attorneys to sign any objections. Fed. R. Civ. P. 33(b)(5). In the First Response defendants state that they "agreed to submit the answers signed by an attorney." ECF No. 55, 2. In their Second Motion plaintiff does not raise this issue again. ECF No. 59. If objections signed by an attorney have not been provided, defendants shall do so by December 4, 2015. If defendants have already provided objections signed by an attorney, this issue in the First Motion is moot.

          iv.   Failure to Name Individuals' Corporate Employer

Additionally, plaintiff's First Motion objects to the interrogatory answers in that they fail to particularize the specific company for which certain identified employees worked, all positions those employees held at the respective companies, and the dates the employees occupied that position. ECF No. 48-29, 4. This information was specifically requested from the individual defendants and the persons responding on behalf of the corporate defendants. Specifically the interrogatories requested:

> As to the person answering these interrogatories . . . state each and every position you have held for each of the following entities as well as the dates in which you occupied the position, including any and all positions that were and/or are full-time, part-time, temporary, transitory, as an independent contractor, on a contract basis, as a consultant, as a member of the entity's Board of Directors or as a shareholder: (a) Consolidated Waste Services, Corp.; (b) Landfill Technologies, Corp.; (c) Puerto Rico Waste Management Group, Corp.; and (d) MAARA LLC.

ECF No. 48-3, interrog. 1; ECF No. 48-6, interrog. 1; ECF No. 48-9, interrog. 1; ECF No. 48-12, interrog. 1; ECF No. 48-14, interrog. 1. Defendants' answers only identify a single position held, the specific employer, and the dates for which the position was held. ECF Nos. 48-16, answer 1; 48-18, answer 1; 48-21, answer 1; 48-24, answer 1; 48-27, answer 1. This employment information was also requested from the corporate defendants for "every person that . . . has, or claims to have, personal knowledge of the facts object of the present

5

case . . . ." ECF No. 48-3, interrog. 3; 48-12, interrog. 3; 48-14, interrog. 3. Neither CW nor LT answered this interrogatory on the basis of allegedly not employing Burgos. ECF Nos. 48-18, answer 3; 48-21, answer 3. PRWMG responded by listing, for each individual, a position held, full-time or independent contractor status, and a single, unidentified date. ECF No. 48-24, answer 3. Additionally, PRWMG was specifically asked for this employment information regarding eight identified individuals. ECF No. 48-12, interrog. 10. In response, PRWMG identifies themselves as the employer of Carlos Contreras and Rey Contreras. ECF No. 48-24, answer 10. For Carlos Contreras, PRWMG also provides his hire date and that he is a full time employee. Id. PRWMG does not provide this information for Rey Contreras. For the remaining identified individuals, PRWMG does not provide any information other than what was provided in answer to interrogatory three. Id. Defendants do not respond to this objection in their First Response. ECF No. 55. The objection is not raised again in the Second Motion. ECF No. 59.

    Plaintiff's requests for every position these individuals have ever held are too broad; however, defendants' answers providing only a single position held are too narrow. Carlos Contreras and Rey Contreras shall provide by December 4, 2015, supplemented interrogatory answers indicating in response to the first interrogatory each and every position that the individual defendant held for each of the corporate entities and MAARA LLC during the time in controversy in plaintiff's complaint (ECF No. 1) and at the present, as well as the dates for which each position was occupied. Similarly PRWMG shall provide by December 4, 2015, supplemented interrogatory answers indicating in response to interrogatories one, three, and ten each and every position the identified individual held for each of the corporate entities or MAARA LLC during the time in controversy in plaintiff's

complaint (ECF No. 1) and at the present, as well as the dates for which each position was occupied. CW and LT shall submit by December 4, 2015, supplemented interrogatory answers in light of the fact that they now admit that they employed plaintiff. See ECF No. 57. No additional extensions to the December 4, 2015 deadline will be granted.

> v. Failure of Individual Defendants to Fully Respond to Interrogatory Questions 7 and 14

Plaintiff further objects in the First Motion to two specific answers the individual defendants provided. ECF No. 48-29, 5. Plaintiff alleges that the individual defendants failed to provide, in response to interrogatory number seven, employment information regarding the positions the individual defendants have held for the corporate defendants. Id. Plaintiff also objects to the individual defendants' complete failure to answer interrogatory fourteen. Id. In the First Response defendants state: "Defendants agree to supplement answers to . . . supplement when and for what companies Rey Contreras and Carlos Contreras held the positions mentioned in their answers to interrogatories . . . ." ECF No. 55, 2. Defendants also conceded that interrogatory fourteen was "erroneously left out" and agreed to respond. Id. at 4. Plaintiff does not raise the matter again in his Second Motion. ECF No. 59. If the individual defendants have not already provided supplemented interrogatory answers in response to interrogatories seven and fourteen, they shall do so by December 4, 2015. No additional extensions will be granted. If the individual defendants have already so provided, this issue in the First Motion is moot.

> vi. Failure of CW and LT to Answer the Majority of Interrogatory Requests

Plaintiff's final objection to the interrogatories relates to the alleged failure of CW and LT to answer the majority of interrogatories. ECF No. 48-29, 5. The corporate

7

defendants were each served with a set of interrogatories consisting of twenty-three questions. ECF No. 48-6; 48-9; 48-12. Both CW and LT state in their answers to the second through twenty third interrogatories that, based on the current state of their knowledge, belief, and understanding, they did not employ plaintiff. ECF Nos. 48-18; 48-21. In the status conference, the court issued the following order:

> With respect to the plaintiff's request to answer certain interrogatories regarding several of the named defendants' role as an employer of the plaintiff, the court set a deadline for July 17, 2015 for all named defendants to respond to plaintiff's request in the affirmative or negative, and if in the negative, to certify under penalty of perjury that plaintiff has never been an employee of the relevant named defendant and that no employee of the relevant named defendant corporations has made any decision related to plaintiff's employment whatsoever.

ECF No. 56. In response to this order, defendants now indicate through a motion in compliance that they "are not going to contest and/or deny that said entities were, jointly with [PRWMG], employers of Plaintiff in the dates and/or period of time that he offered services or worked for said entities." ECF No. 57. As noted above, in the second motion in compliance, the defendants further certified that, "Defendants sent Plaintiff via email their supplemented answers to the discovery . . . ." ECF No. 58. In their Second Motion, plaintiff does not renew their objection that CW and LT failed to answer the majority of interrogatories. ECF No. 59. As defendants did not answer these interrogatories under the theory that they did not employ plaintiff, but are no longer maintaining this theory, defendants shall submit amended interrogatory answers by December 4, 2015. No additional extensions will be granted. If defendants have already submitted these supplemented interrogatory answers, this issue raised in the First Motion is moot.

### b. Requests for Production of Documents

#### i. Reservation of Right to Change or Supplement

As with the interrogatories, plaintiff objects to a sentence that occurs in every request for production stating, "These responses are based on and limited to the documents and records presently recollected in the course of preparation of these documents. Defendant reserves its right to change or supplement said responses." ECF Nos. 48-29, 2; 48-20, 3; 48-23, 3; 48-26, 3. In the First Response, defendants agreed to "supplement answers as to: (1) that Defendants reserved their right to change the answers." ECF No. 55, 2. At the status conference the court ordered defendants to resubmit answers without this reservation stating, "Both parties are to be aware that changes and alterations to answers are permitted only when the newly discovered or obtained information was not reasonably available to them at the time it was initially requested." ECF No. 56. In their second motion in compliance, defendants stated that they sent plaintiff supplemented answers to the discovery submitted to CW, LT, and PRWMG in compliance with the status conference order. ECF No. 58. In the Second Motion, plaintiff states that defendants complied with the court's mandate to delete this reservation language. ECF No. 59, 4. Therefore, this issue raised in plaintiff's First Motion is moot.

#### ii. Reliance on Unidentified Sources

Plaintiff objects in the First Motion to the concluding paragraph that was addressed above in relation to the interrogatories. However, in the requests for production of documents the paragraph is more perplexing. CW's concluding paragraph states,

> I have read the foregoing *Response for Plaintiff's First Request for Admissions to [CW]*. Not every single matter stated in the responses to interrogatories are within my personal knowledge; however, I am informed

9

> and believe that the matters stated therein are true. The responses were prepared with the assistance of and advice I have relied on.

ECF No. 48-20, 3 (alteration added) (emphasis in original). LT's concluding paragraph is identical but with reference to LT rather than CW. ECF No. 48-23, 3. PRWMG's is similar but with the distinction that it states that the respondent has read the response to the request for production of documents, rather than the requests for admission, but still mentions the interrogatories in the second sentence. ECF No. 48-26, 5.  Defendants do not address this objection in their First Response. ECF No. 55. Plaintiff raises the objection again in their Second Motion, this time requesting the entry of default as a sanction. ECF No. 61, 4–6. Defendants again do not respond to this objection in their Second Response other than to say that plaintiff's request "lack[s] merit based on the procedural background of this case and is illustrative of Plaintiff's intent to distort the discovery issues in the instant case." ECF No. 61, 3. Because these clauses refer to requests for admissions and interrogatories, they are plainly inapplicable to the requests for production of documents and shall be stricken.

### iii.   Failure to Sign Objections

Plaintiff's First Motion next raises the issue that, despite the fact that defense counsel made objections, defense counsel did not sign any of the responses to the requests for production of documents. ECF No. 48-29. In the First Response defendants state that they "agreed to submit the answers signed by an attorney." ECF No. 55, 2. In their Second Motion plaintiff does not raise this issue again. ECF No. 59. If objections signed by an attorney have not been provided, defendants shall do so by December 4, 2015. No additional extensions will be granted. If defendants have already provided objections signed by an attorney, this issue in the First Motion is moot.

    **c. <u>Requests for Admissions</u>**

In the First Motion plaintiff raises a series of objections to defendants' responses to the requests for admissions. The First Motion requests that the court compel defendants to supplement their answers. Defendants acknowledge that, unlike the interrogatories, however, they have not submitted any supplemented or updated responses to the requests for admissions following the status conference. ECF No. 61, 1–3. The Second Motion, subsequently requests that the court deem admitted the requests for admissions served on all defendants. ECF No. 59. In their Second Response defendants highlight that plaintiff's requests for admissions from the corporate defendants contain 172 requests each, (ECF Nos. 48-5; 48-8; 48-11), which is a total of 516 requests for the corporate defendants. It is defendants' contention that, following the status conference, they understood that plaintiff would be serving amended requests for admissions. ECF No. 61, 1–3. Five hundred and sixteen requests is an unreasonably high number of requests for admissions for a case in which plaintiff has not articulated any good reason why he requires such a high number of requests. By December 4, 2015 plaintiff shall resubmit no more than fifty (50) requests for admissions, including subparts, for each defendant. Thus plaintiff's request in the First Motion to compel responses to requests for admissions and the request in the Second Motion to deem the admissions admitted are denied.

**III.   COMPLIANCE WITH COURT ORDERS**

Finally, defendants' motions in compliance fail to satisfy the court's order from the status conference. Firstly, on July 10, 2015, at the status conference, defendants were ordered to certify under penalty of perjury by July 17, 2015, "what the specific nature of the relationship is, if any, between Puerto Rico Waste Management Group (PRWMG) and

Landfill Technologies Corp. (LT); PRWMG and Consolidated Waste Corp. (CW); CW and LT; and the relationship between the three corporate entities collectively." ECF No. 56. In their motion in compliance with court order filed on July 17, 2015, defendants stated, "If this Court understands, however, that it would also be required that said entities certify under penalty of perjury, the existing corporate relationship between them, the appearing co-defendants would require additional time . . . ." ECF No. 57. To date, no motion has been filed in compliance with this order. Although defendants' statement is possibly intended to be a question requesting a further order by the court, unless the court rules otherwise parties are bound to comply with all scheduling orders. No further order was necessary to obligate defendants to comply with the clear instruction of the status conference order. Defendants have presented no reason why they did not comply with this order, timely or otherwise. Failure to comply with the July 10, 2015 order by December 4, 2015 will result in the imposition of additional sanctions to those already contained in this order.

IV. **CONCLUSION**

The way the parties have conducted themselves through the discovery stage of this case leaves much to be desired. Defendants have unnecessarily caused delay in the discovery process from the beginning by submitting imprecisely drafted discovery responses—for example, counsel failing to sign written discovery objections, responses to requests for production that refer instead to requests for admissions and interrogatories (ECF No. 48-20, 3; 48-23, 3), and CW's response to requests for admissions that states that CW does not have in its control documents regarding the operation of CW (ECF No. 48-19, 2). This imprecision can likewise be seen in defendants' motion in compliance that states that they have complied with this court's order to submit supplemented discovery answers, but

nowhere indicates that defendants were still pending resolution on the issue of requests for admissions. ECF No. 58. This motion in compliance further indicates that the individual defendants submit "draft" answers, but, to this day, the court has not been informed if or when finalized answers were submitted. Moreover, defendants have switched their position regarding whether CW and LT employed plaintiff, effectively invalidating those defendants' previous written discovery responses. Yet again, the court has not been informed if or when CW and LT submitted supplemented responses based on this new understanding. This conduct culminated with the corporate defendants' disregard of the court's order to specify their corporate relationship, despite four months passing since the deadline to so specify. As a result of this continued substandard drafting, failure to inform the court, and failure to comply with the court's orders, all five defendants are sanctioned in the amount of $200 dollars each, for a total of $1,000, due by December 17, 2015. Should defendants continue to needlessly create discovery disputes or again fail to comply with this court's orders, additional sanctions may be imposed, including, but not limited to, the exclusion of evidence or witnesses at trial and the entry of default.

      Plaintiff, on the other hand, is not blameless in the current discovery delay. Plaintiff has utilized written discovery requests, such as the 516 requests for admissions, which appear to be unreasonably burdensome within the context of the issues of this case. When these discovery disputes arose, despite defendants' attempt to meet in good faith to resolve these issues, plaintiff has refused to meet, choosing instead to needlessly clog the docket with duplicative motions. Should plaintiff continue this conduct, sanctions may be imposed upon him as well.

Defendants' motions in compliance (ECF No. 57 & 58), defendants' Second Response (ECF No. 61), plaintiff's Third Motion (ECF No. 64), and plaintiff's "urgent motion" (ECF No. 65) are hereby NOTED. For the reasons stated above plaintiff's First Motion (ECF No. 48) is MOOT in part, GRANTED in part, and DENIED in part. The request to enter default, have requests for admissions deemed admitted, strike answers from the complaint, and deem CW, LT, and PRWMG as "single employers" in plaintiff's Second Motion (ECF No. 59) are hereby DENIED. As the parties have already filed numerous pleadings in this case all relating to the same issues, plaintiff's motion for leave to file a reply (ECF No. 62) is DENIED.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 17th of November, 2015.

s/Marcos E. López<br>U.S. Magistrate Judge